## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JONETTA REEVES-SMITH, <br> KAREN TOMPKINS and LATONYA RUFFIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HARVEY, a municipality, <br> MAYOR ERIC KELLOGG, individually and <br> in his official capacity as Mayor of the <br> City of Harvey, MERRIT GENTRY, individually <br> and in his official capacity, DARNELL KEEL, <br> individually and in his official capacity, and <br> ANDREW JOSHUA, individually and in his <br> official capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DOCKETED

JAN 2 8 2004

JUDGE LINDBERG

**04C 0624**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

Jury Demand

### COMPLAINT AT LAW

NOW COME the Plaintiffs, JONETTA REEVES-SMITH ("Reeves-Smith"), KAREN TOMPKINS ("Tompkins") and LATONYA RUFFIN ("Ruffin") by and through their attorneys, the Law Offices of Nicholas C. Zagotta, and complaining of the Defendants, CITY OF HARVEY, a municipality, ("Harvey"), MAYOR ERIC KELLOGG, ("Kellogg"), MERRIT GENTRY ("Gentry"), DARNELL KEEL, ("Keel"), and ANDREW JOSHUA ("Joshua"), as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1331, federal question jurisdiction, and 28 U.S.C.A. § 1367, supplemental jurisdiction.

2.    Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391, as the Defendant Harvey is located within the

1-1

geographic boundaries of this judicial circuit, Defendants Kellogg, Gentry, Keel and Joshua reside and work within the geographic boundaries of this judicial circuit, and all events of which Plaintiffs complain herein took place within this judicial district.

## PARTIES

3.    Plaintiff Reeves-Smith currently resides in Lynwood, Illinois. At all relevant times contained in this Complaint, Reeves-Smith lived in Lynwood, Illinois and was employed by Defendant Harvey, in Harvey, Illinois.

4.    Plaintiff Tompkins currently resides in Hazel Crest, Illinois. At all relevant times contained in this Complaint, Tompkins was employed by Defendant Harvey, in Harvey, Illinois.

5.    Plaintiff Latonya Ruffin currently resides in Gary, Indiana. At all relevant times contained in this Complaint, Plaintiff resided in Gary, Indiana and was employed by Defendant Harvey, in Harvey, Illinois.

6.    Defendant Harvey is a municipality located in Cook County, Illinois.

7.    Defendant Kellogg is the Mayor of the City of Harvey and the Assistant Superintendent of Schools in Harvey.

8.    Defendant Gentry is employed by the City of Harvey and works as a Commander of Detectives in the Police Department.

9.    Defendant Keel is employed by the City of Harvey and works as a Commander in the Police Department.

10.    Defendant Joshua is employed by the City of Harvey and is the Chief of Police.

## FACTUAL BACKGROUND AS TO PLAINTIFF REEVES-SMITH

11.     Reeves-Smith was employed by Harvey as an Assistant to the Director of Planning from on or about April 14, 2003 until on or about October 21, 2003.

12.     At all relevant times herein Reeves-Smith performance was satisfactory.

13.     On or about October 2, 2003 Reeves-Smith received a call at work from Kellogg demanding her to meet him at Holmes School at 9:30 a.m.

14.     Reeves-Smith complied with Kellogg's demand and arrived at the school at approximately 9:30 a.m. and met with Kellogg in his office shortly thereafter.

15.     During the interrogation Kellogg told Reeves-Smith that the phones in City Hall were "tapped" and that he had her on tape having a conversation with his secretary, Mrs. Bullie.

16.     Reeves-Smith informed Kellogg that she did not speak to Mrs. Bullie on the telephone from City Hall and Kellogg responded by telling her that if she did not cooperate he would fire her.

17.     Kellogg proceeded to ask Reeves-Smith questions about the personal and sex lives of her co-workers, Tompkins and Ruffin and referred to her as "bitch" several times.

18.     At one point Kellogg got up from his chair, and yelled at Reeves-Smith at which point Reeves-Smith told Kellogg that she felt scared, intimidated and harassed.

19.     When Reeves-Smith attempted to get up from her chair, Kellogg put his hands on her shoulders without her permission, shoved her back into the chair and shouted "Don't get up!"

3

20.    Kellogg's force caused Reeves-Smith to be apprehensive of him harming her and his forceful thrust caused her to fall back into the chair. The willful, wanton, reckless and forceful manner in which Kellogg shoved Reeves-Smith has caused her pain, suffering and mental anguish from which she has yet to recover.

21.    The acts committed against Reeves-Smith were intentional, extreme and outrageous, and done with malice, oppression and were willful and wantonness.

22.    Kellogg continued to interrogate Reeves-Smith until finally at approximately 11:25 a.m. Reeves-Smith was allowed to leave Kellogg's office.

23.    Approximately fifteen minutes after Reeves-Smith returned to work she was paged and again instructed to return to Kellogg's office. When she arrived there she was instructed by Kellogg's secretary to contact the Chief of Police immediately and was thereafter instructed by the Chief of Police's secretary to come to the police station.

24.    Upon arriving at the police station, Reeves-Smith was immediately escorted to an interrogation room and the door was locked behind her. Approximately fifteen minutes later Kellogg entered the room and locked the door behind him.

25.    Reeves-Smith immediately asked for an attorney and /or whether she could call her family. Kellogg denied her the opportunity to call an attorney and would not allow her to call her family.

26.    Kellogg informed her that his life was being threatened and he needed her to answer the police's questions. He told her that he was having her followed and asked her prying questions about her personal life. Kellogg forcefully grabbed Reeves-Smith's cellular telephone from her person without her permission and looked at the log of recent outgoing calls, and the telephone numbers programmed into the phone and forcefully and without permission took her handbag from her person.

27.     Kellogg thereafter left the interrogation room and left Reeves-Smith locked in it. Approximately fifteen minutes later Joshua entered the room, during working hours and in full uniform, keeping the door closed and locked behind him.

28.     Joshua questioned Reeves-Smith and accused her of various heinous and unethical behaviors until she was in tears. When Joshua was done with his questioning he left the room and again left Reeves-Smith locked in the room alone for one additional hour.

29.     Reeves-Smith attempted to use the restroom but she could not leave the interrogation room because the only exit was locked.

30.     Finally, at approximately 1:20 p.m. Defendant Gentry entered the interrogation room. Reeves-Smith instantly informed him that she was hungry and needed to use the restroom.

31.     Gentry refused to allow Reeves-Smith to leave the locked room and did not allow her to eat or use the restroom.

32.     Gentry questioned Reeves-Smith in an aggressive, hostile and threatening manner, refusing her requests to leave by repeatedly stating, "You will sit here until I am done, bitch."

33.     Reeves-Smith repeatedly asked if she could call a lawyer but Gentry refused all of her requests. She pleaded with him to let her leave telling him she was exhausted and needed to use the restroom.

34.     Finally, Reeves-Smith was able to answer a call on her cellular telephone and ask her family to come and get her at the police station.

35.     Reeves-Smith returned to City Hall at approximately 4:10 p.m. still distraught and crying.

36.     From on or around October 2, 2003 until on or about October 21, 2003 Reeves-Smith continued to work satisfactorily and uneventfully.

37.     Suddenly and unexpectedly, on or around October 21, 2003 Reeves-Smith was terminated by Harvey.

38.     Since on or about October 21, 2003, while attempting to find employment, Reeves-Smith continued to experience severe emotional distress which has seriously impacted her life.

## FACTUAL BACKGROUND AS TO PLAINTIFF TOMPKINS

39.     Tompkins was employed by Harvey as an Asset Control Coordinator for the First Time Home Buyers Program, from on or about April 19, 2003 until on or about October 2, 2003.

40.     At all relevant times herein, Tompkins' work performance was satisfactory.

41.     On or about October 2, 2003 Tompkins was paged to Kellogg's office and was thereafter told that she must report to the police station. Harvey Police Officer Lowery escorted Tompkins to the station at approximately 2:45 p.m.

42.     Upon Tompkins arrival at the police station she requested a glass of water and asked to use the restroom. Her requests were denied and she was escorted by Keel to an interrogation room.

43.     At approximately 3:20 p.m. Kellogg entered the interrogation room and closed and locked the door behind him. He proceeded to interrogate Tompkins about her sexual

relationships, personal life and marriage and told her that he was having her followed and had a "file" including photographs taken of her without her awareness.

44.     Kellogg asked Tompkins questions regarding alleged threats on his life and demanded that she cooperate with the police.

45.     Tompkins was left in the locked interrogation room until Defendant Gentry entered and locked the door behind him. Gentry forcefully grabbed Tompkins handbag from her person without her permission and took it out of the room, leaving Tompkins locked inside the interrogation room. On information and belief, Gentry dumped the contents of Tompkins handbag and wallet onto a table and sorted through her personal belongings. On information and belief Gentry removed Tompkins' City of Harvey identification badge which was never returned to her.

46.     Gentry left the interrogation room locked with Tompkins inside until Joshua entered the room later and questioned Tompkins.

47.     At all times the only exit to the interrogation room remained locked.

48.     Joshua left Tompkins in the room with the door locked until Gentry entered approximately fifteen minutes later. During Gentry's questioning he referred to Tompkins as "bitch" and asked her detailed questions about her sex life.

49.     Tompkins told Gentry that she felt her rights were being violated and asked for an attorney.

50.     Gentry denied her request for an attorney and told Tompkins that she was "full of shit." Gentry then shouted, "Get undressed. You are going to a cell."

51.    Gentry shouted again "Take your clothes off bitch" "Take everything off right now for a search cause you're not going anywhere tonight" and Tompkins, feeling intimidated and scared began removing her glasses, jewelry, and hairpins.

52.    Tompkins was forced to endure more hostile questioning and embarrassing and harassing treatment in the locked room.

53.    Later that evening the Chief of Police's secretary provided Tompkins with a resignation letter and insisted that she sign it. Tompkins signed the letter and finally, at approximately 6:15 p.m. Tompkins was permitted to leave the room.

## FACTUAL BACKGROUND AS TO PLAINTIFF RUFFIN

54.    Ruffin was employed by Harvey as a Business Manager from on or around April 8, 2003 until December 16, 2003.

55.    At all relevant times herein, Ruffin's work performance was satisfactory.

56.    On or about October 2, 2003 at approximately 1:00 p.m. while working at her desk, Ruffin was approached by Keel. Keel informed Ruffin that Joshua had instructed him to pick Ruffin up in a squad car and take her to the Harvey Police Station.

57.    Ruffin called the police station and spoke to Gentry. Despite her requests to speak to Joshua and find out the reason she was being forced to go with Keel, Gentry told her that "the Chief sent for you, anything else is going to have to wait."

58.    Ruffin informed Gentry that she had to pick up her son at school and could not leave him waiting. Gentry simply repeated that "anything else is going to have to wait."

59.    Ruffin was taken to the police station and was left in Keel's office for twenty minutes. She requested that she be allowed to leave to pick up her son but was denied by Keel and Joshua.

60.     Keel then took Ruffin to an interrogation room where Gentry was waiting for her. Gentry locked her in the room and took her cellular telephone.

61.     At all relevant times herein the only exit to the interrogation room was locked.

62.     Gentry looked at the numbers stored in Ruffin's phone and the incoming and outgoing calls against Ruffin's will and without her permission.

63.     Kellogg entered the room and asked Ruffin if she knew who was threatening Kellogg's life.  Ruffin responded that she was not aware of anything of which he was inquiring.

64.     Kellogg then asked Ruffin about her relationship with some of the male employees of Harvey and in crude terms asked whether she had a sexual relationship with some of them.

65.     Kellogg left the room and after a while Joshua entered and continued to question her. Gentry entered the room and asked Ruffin more questions about her personal life and sexual relationships.  He asked her about her relationship with Plaintiff Tompkins.

66.     During the interrogation Ruffin asked for an attorney and was told by Gentry that she did not need counsel.  Ruffin was not allowed to use the restroom, nor was she offered a drink of water, nor was she permitted to reach her son about whom she was very concerned.

67.     Finally at approximately 2:50 p.m. Ruffin's cellular telephone was returned to her, the door was unlocked and she was told to leave.

68.     On or about October 31, 2003 Rufus Fisher, Jr., the Director of Public Works approached Ruffin and told her that "we've got to go for a ride." Fisher took Ruffin to Holmes School where Kellogg was waiting for her.

69.     Kellogg told Ruffin to sign papers stating that Kellogg was not present at the interrogation which took place on or about October 2, 2003. Kellogg further asked Ruffin to appear on television at a press conference and state that Kellogg had no involvement with the interrogation on or about October 2, 2003.

70.     Ruffin refused to sign the document presented to her and further refused to be present at a press conference.

71.     On or about November 5, 2003 the Law Offices of Nicholas C. Zagotta, counsel for Plaintiffs spoke with an attorney who has represented Harvey in the past to discuss the above captioned case. Said attorney was informed that the Law Offices of Nicholas C. Zagotta represented the Plaintiffs in connection with their claims against Harvey arising out of the interrogations.

72.     In a subsequent conversation, said attorney indicated to Plaintiffs' counsel that he spoke with the City Attorney, Bette Lewis and informed her of Plaintiffs' representation. Therefore, Kellogg and Harvey had notice that Plaintiffs obtained counsel and planned to file a lawsuit.

73.     Ruffin was still employed by Harvey when Kellogg and Harvey were notified that she had obtained counsel and planned to file a lawsuit.

74.     On or about December 16, 2003 Ruffin was informed that her employment with Harvey was terminated.

## COUNT I
## CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS UNDER §1983

75.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein.  Defendants engaged in an unlawful conspiracy as follows:

      (a)      Defendants Kellogg, Keel, Gentry and Joshua shared a general conspiratorial objective, namely, to violate Plaintiffs' constitutional rights;

      (b)      There was a common plan among the individual defendants to use unlawful means to obtain information from Plaintiffs in an interrogation;

      (c)      The essential nature and general scope of the common plan was known to each individual Defendant; and

      (d)      The Defendants engaged in a sequence of acts for the mutual purpose of illegally detaining and interrogating the Plaintiffs for the purpose of eliciting an involuntary confession.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

11

## COUNT II
## FALSE IMPRISONMENT UNDER § 1983

76.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which
is set forth in paragraphs 1 through 74 herein.  Defendants falsely imprisoned Plaintiffs
under §1983 as follows:

      (a)     Plaintiffs held a constitutionally protected right to travel and / or not to be
            confined or denied liberty;

      (b)     Plaintiffs were deprived of such right in violation of the United States
            Constitution;

      (c)     Defendants intentionally caused the Plaintiff's deprivation of rights; and

      (d)     Defendants acted under the color of State Law, pursuant to municipal
            policy and custom and such deprivation of rights was carried out by the
            City Mayor and Chief of Police, both individuals with final policymaking
            authority.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin
pray that this Honorable Court enter judgment in their favor and against Defendants in
excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii)
punitive damages, where appropriate, (iii) damages for pain and suffering, where
appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief
this Court deems just.

## COUNT III
## COMMON LAW FALSE IMPRISONMENT

77.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which
is set forth in paragraphs 1 through 74 herein.  Defendants falsely imprisoned Plaintiffs as
follows:

(a)     Plaintiffs' personal liberty and freedom of locomotion were unlawfully restrained by Defendants;

(b)     Defendants used threats, physical force, physical barriers, hostility, duress, and asserted legal authority to compel Plaintiffs to remain in the interrogation room;

(c)     Defendants' restraint was against Plaintiffs' will; Plaintiffs did not want to remain in the interrogation rooms and made it clear to Defendants that they wanted to leave; and

(d)     It was Defendants' intent to restrain Plaintiffs by locking them in their respective interrogation rooms, threatening them when they asked to leave, and telling them that they were on "city time" and could be forced to remain in the room per Harvey policy.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

**COUNT IV**
**FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS VIOLATION**
**UNDER §1983**

78.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein. Defendants violated Plaintiffs' Procedural Due Process rights as follows:

(a)     Plaintiffs had a property interest and / or liberty interest in their
        employment with Harvey and had a right to be free from unjustified
        intrusions upon their physical and emotional well-being;

(b)     Defendants Kellogg, Joshua, Gentry and Keel, both individually and in
        their official capacities, acted under the color of state law and deprived
        Plaintiffs of a property interest by holding them against their will and not
        allowing them to use the bathroom, have water or nourishment, or call
        their legal counsel or call a family member;

(c)     Plaintiffs' were terminated with neither minimally adequate notice of the
        reason(s) therefore, nor the opportunity to be heard;

(d)     Defendants' actions implemented and executed a official custom and
        policy of interrogation and intimidation of Harvey employees without
        regard to procedural or substantive minimum safeguards imposed by law
        e.g. cause for questioning, in Harvey which its officials including but not
        limited to Kellogg, Joshua, Gentry and Keel officially adopted and
        promulgated to Harvey's officers;

(e)     Such deprivation was without due process of law.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin
pray that this Honorable Court enter judgment in their favor and against Defendants in
excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii)
punitive damages, where appropriate, (iii) damages for pain and suffering, where
appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief
this Court deems just.

14

## COUNT V
## FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION
## UNDER §1983

79.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein. Defendants violated Plaintiffs' Substantive Due Process rights as follows:

   (a)    Plaintiffs are afforded individual liberty interests against certain government actions including but not limited to the right to be free from arbitrary and capricious state actions;

   (b)    Defendants acting under the color of state law subjected Plaintiffs to arbitrary and capricious state actions including but not limited to locking them in an interrogation room for hours, not allowing Plaintiffs to use the bathroom, have a drink of water or contact their counsel or families despite repeated requests;

   (c)    Defendants, acting under the color of state law abused their governmental power by intentionally using such power as an instrument of oppression and causing Plaintiffs' rights under the due process clause of the fourteenth amendment to be violated.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

15

Case: 1:04-cv-00624 Document #: 1 Filed: 01/27/04 Page 16 of 27 PageID #:16

**COUNT VI**
**NEGLIGENT REHIRING AND RETENTION OF POLICE OFFICERS AGAINST**
**DEFENDANTS CITY OF HARVEY, KELLOGG AND JOSHUA**

80.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein. Defendants City of Harvey, Kellogg and Joshua negligently rehired and retained Defendants Gentry and Keel as follows:

(a)     Defendants Gentry and Keel are commanders in the police department employed by the City of Harvey.

(b)     On information and belief, Defendants Gentry and Keel were previously employed by Harvey as police officers and were terminated and/or resigned in the face of serious allegations because of improper and harassing behavior.

(c)     Defendants Gentry and Keel were rehired by Kellogg, Joshua and Harvey as commanders even though Kellogg, Joshua and Harvey had knowledge of their improper and harassing behaviors.

(d)     At all relevant times herein, Defendants Harvey, Kellogg and Joshua owed a duty to Plaintiffs to have knowledge of clearly established law.

(e)     Defendants Harvey, Kellogg and Joshua breached such duty of care to Plaintiffs by rehiring and retaining Defendants Gentry and Keel when they had knowledge of the police officers' patterns of abuse and misconduct.

(f)     Due to Defendants Harvey, Kellogg and Joshua's breach of their duty to Plaintiffs by rehiring and retaining Gentry and Keel, Plaintiffs have suffered serious injury and violations of their rights guaranteed by state and federal law and the U.S. Constitution.

(g)     Defendants Kellogg and Joshua are liable to Plaintiffs based on the theory of respondeat superior.

(h)     Harvey, Kellogg and Joshua failed to adequately supervise Gentry and Keel resulting in injury to Plaintiffs.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein.   Defendants intentionally inflicted emotional distress as follows:

(a)     During the Plaintiffs' respective interrogations, Defendants' conduct was severe, pervasive and unwanted such that no reasonable individual would expect to endure;

(b)     The Defendants knew or should have known conduct was severe enough to cause emotional distress;

(c)     Defendants acted willfully and intentionally with the purpose of inflicting emotional distress on Plaintiffs; and

(c)     Plaintiffs suffered severe and persistent emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

### COUNT VIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

82.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein. Defendants negligently inflicted emotional distress on plaintiffs as follows:

      (a)      Defendants as Plaintiffs' employer and as police officers owed Plaintiffs a duty of care;

      (b)      Plaintiffs were placed in a "zone of danger" by being locked in an interrogation room and subjected to hostile and aggressive questioning by Defendants;

      (c)      Plaintiffs felt a contemporaneous fear for their safety;

      (d)      Defendants thereby breached their duty owed to Plaintiffs;

      (e)      As a direct and proximate result of Defendants' actions Plaintiffs suffered physical illness and severe and pervasive emotional distress.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii)

punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

## COUNT IX
## INVASION OF PRIVACY UNDER THE FOURTH AMENDMENT AND § 1983

83.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein.  Defendants invaded Plaintiffs' privacy under the fourth amendment and § 1983 as follows:

(a)     Plaintiffs have a right under the Fourth Amendment of the U.S. Constitution "to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures had a reasonable expectation of privacy in the workplace;"

(b)     As public employees, Plaintiffs had a reasonable expectation of privacy in their personal belongings;

(c)     Defendants unjustifiably searched Plaintiffs' personal belongings without Plaintiffs' permission and against their wishes;

(d)     Said search and seizure resulted in a violation of Plaintiffs' rights under the Fourth Amendment and § 1983.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

## COUNT X
## ILLINOIS STATE LAW CLAIM FOR INTRUSION UPON SECLUSION

84.     Plaintiffs Reeves-Smith, Tompkins and Ruffin reallege and incorporate that which is set forth in paragraphs 1 through 74 herein.  Defendants intruded upon Plaintiffs' privacy and seclusion as follows:

      (a)      Defendants intruded and pried into Plaintiffs' seclusion without authorization by confiscating their cellular telephones, reviewing the names and telephone numbers of the individuals they had called and the names and telephone numbers of all incoming calls, and by intruding and prying into Plaintiffs' personal lives and sexual and other relationships;

      (b)      Said intrusion would be offensive and objectionable to a reasonable person;

      (c)      The matter on which the intrusion occurred was private and Plaintiffs had a reasonable expectation of privacy in the workplace and in their personal cellular telephones;

      (d)      The instrusion caused the Plaintiffs severe anguish and suffering.

WHEREFORE, Plaintiffs Jonetta Reeves-Smith, Karen Tompkins and LaTonya Ruffin pray that this Honorable Court enter judgment in their favor and against Defendants in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

## COUNT XI
## RETALIATION BY KELLOGG AND HARVEY AS TO PLAINTIFF RUFFIN

85.     Plaintiff Ruffin realleges that which is set forth in paragraphs 54 through 74 herein.  Defendants Kellogg and Harvey retaliated against Plaintiff as follows:

(a)     Ruffin exercised her protected right to obtain counsel in connection with the violation of her constitutional and other legally protected rights;

(b)     Defendants Kellogg and Harvey knew that Ruffin had obtained counsel and planned to file a lawsuit against them in connection with the violation of her constitutional and other legally protected rights;

(c)     As a result of Ruffin's retaining counsel, Kellogg and Harvey terminated her employment in retaliation for Ruffin's protected conduct;

(d)     As a direct and proximate result of Kellogg and Harvey's retaliatory conduct Ruffin has been damaged by the loss of her employment and income and has suffered severe and pervasive emotional distress;

(e)     Ruffin exercised her right to tell the truth and not sign a document which contained untrue and inaccurate information regarding the interrogation which took place on or about October 2, 2003 and refused to lie to the press regarding said interrogation;

(f)     Defendants Kellogg and Harvey knew of Ruffin's refusal to sign the document and speak to the press;

(g)     As a result of Ruffin's failure to sign said document and speak to the press, Kellogg and Harvey terminated her employment in retaliation for Ruffin's protected conduct;

(h)     As a direct and proximate result of Kellogg and Harvey's retaliatory conduct Ruffin has been damaged by the loss of her employment and income and has suffered severe and pervasive emotional distress;

WHEREFORE, Plaintiff LaTonya Ruffin prays that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

### COUNT XII
### ASSAULT AS TO PLAINTIFF REEVES-SMITH AGAINST DEFENDANTS KELLOGG AND HARVEY

86.     Plaintiff Reeves-Smith realleges and incorporates that which is set forth in paragraphs 11 through 38 herein. Defendants committed assault against Plaintiff Reeves-Smith as follows:

(a)     At all times relevant herein, the acts committed by Defendants Kellogg and Harvey constituted an intentional, willful, wanton and unlawful attempt to inflict corporal injury by force upon Reeves-Smith;

(b)     At all times relevant herein, Reeves-Smith was in reasonable fear and apprehension of an imminent battery perpetrated by Defendants;

(c)     By reason of the assault, Plaintiff sustained physical injuries and has suffered mental and emotional distress as a direct and proximate result of the Defendants' conduct.

WHEREFORE, Plaintiff Jonetta Reeves-Smith prays that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where

appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

## COUNT XIII
## BATTERY AS TO PLAINTIFF REEVES-SMITH AGAINST DEFENDANTS KELLOGG AND HARVEY

87.     Plaintiff Reeves-Smith realleges and incorporates that which is set forth in paragraphs 11 through 38 herein. Defendants Kellogg and Harvey committed a battery against Plaintiff Reeves-Smith as follows:

> (a)     The Defendants intentionally, willfully, wantonly and unlawfully took physical hold of Reeves-Smith's shoulder and shoved her causing her to stumble and fall back into a chair;

> (b)     Defendant Kellogg's bodily contact with Reeves-Smith was an unpermitted battery and without Reeves-Smith's consent;

> (c)     By reason of the battery, Plaintiff sustained physical injuries and suffered mental and emotional distress as a direct result of Defendant Kellogg's conduct.

WHEREFORE, Plaintiff Jonetta Reeves-Smith prays that this Honorable Court enter judgment in her favor and against Defendants in an amount in excess of $75,000.00 and award (i) compensatory damages, where appropriate, (ii) punitive damages, where appropriate, (iii) damages for pain and suffering, where appropriate, (iv) an award of attorney's fees, where appropriate, and (v) any other relief this Court deems just.

Respectfully submitted,

JONETTA REEVES-SMITH
KAREN TOMPKINS
LATONYA RUFFIN


By one of their attorneys

Nicholas C. Zagotta
Jaime Perri Cole
Law Offices of Nicholas C. Zagotta
NBC Tower
455 North Cityfront Plaza
Suite 3100
Chicago, Illinois 60611
(312) 828-9450
ARDC No. 6220489
ARDC No. 6277271

Civil Cover Sheet

Page 1 of 2

JUDGE LINDBERG

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

04C 0624

# Civil Cover Sheet

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s): Jonetta Reeves-Smith, Karen Tompkins and Latonya Ruffin** | **Defendant(s):City of Harvey, a municipality, Mayor Eric Kellogg, et al.** |
| County of Residence: | County of Residence: |
| Plaintiff's Atty: Jaime Perri Cole<br>Law Offices of Nicholas C. Zagotta<br>NBC Tower, 455 N. Cityfront Plaza, Ste. 3100-A, Chicago, IL 60611<br>(312) 828-9450 | Defendant's Atty: |

DOCKETED
JAN 2 8 2004

04 JAN 27 PM 2:01
CLERK, U.S. DISTRICT COURT
FILED FOR DOCKETING
EO-7

II. Basis of Jurisdiction:    ~~1. U.S. Gov't Plaintiff~~ 3- Federal Question

III. Citizenship of Principal Parties (Diversity Cases Only)

Plaintiff:- N/A

Defendant:- N/A

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **890 Other Statutory Actions**

VI.Cause of Action:    **Conspiracy to violate constitutional rights, false imprisonment, substantive and procedural due process, negligent rehiring and retention, intentional and negligent infliction of emotional distress, retaliation and Assault and Battery. 42 U.S.C 1983**

VII. Requested in Complaint

Class Action: **No**

Dollar Demand: **<75,000.00**

Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: *Jaime Perri Cole*

1-2

Civil Cover Sheet                                                                 Page 2 of 2

**Date:** _1/27/2004_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**     Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

JUDGE LINDBERG

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

In the Matter of

Jonetta Reeves Smith, Karen Tompkins, Latonya Ruffin,
Plaintiffs,

v.

City of Harvey, a municipality, Mayor Eric Kellogg, et al.
Defendants.

04C 0624

Case Number:

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR**

Plaintiffs

DOCKETED
JAN 2 8 2004

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME Jaime Perri Cole | | | NAME Nicholas C. Zagotta | | |
| FIRM Law Offices of Nicholas C. Zagotta | | | FIRM Law Offices of Nicholas C. Zagotta | | |
| STREET ADDRESS 455 N. Cityfront Plaza, Ste. 3100 | | | STREET ADDRESS 455 N. Cityfront Plaza, Ste. 3100 | | |
| CITY/STATE/ZIP Chicago, IL 60611 | | | CITY/STATE/ZIP Chicago, IL 60611 | | |
| TELEPHONE NUMBER (312) 828-9450 | FAX NUMBER (312) 828-9451 | | TELEPHONE NUMBER (312) 828-9450 | FAX NUMBER (312) 828-9450 | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER 6277271 | | | IDENTIFICATION NUMBER 6220489 | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ |
| TRIAL ATTORNEY? | YES ☑ | NO ☐ | TRIAL ATTORNEY? | YES ☑ | NO ☐ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☑ |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS | | | STREET ADDRESS | | |
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER | | | IDENTIFICATION NUMBER | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |